IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JARMAL JABBAR SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-921-MHT-JTA |
| | ) |
| DONALD J. TRUMP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Plaintiff Jarmal Jabbar Sanders ("Sanders"), proceeding *pro se*. (Doc. No. 1.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 4.)

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a).[1]

## **I. INTRODUCTION**

In his complaint, Sanders alleges he suffered a deprivation of rights, privileges, or immunities secured to him by the Constitution and the Fourteenth Amendment thereto. (Doc. No. 1 at 3-4.) Sanders names President Donald J. Trump, Vice President Mike

---

[1] Upon initiation of this civil action, the plaintiff filed an application for leave to proceed *in forma pauperis*. (Doc. No. 2.) However, under the circumstances of this case, the court finds that ruling on the *in forma pauperis* application should be undertaken by the United States District Court for the District of Nevada.

Pence, Nevada Secretary of State Barbara Cegavske, and Clarke County (Nevada) Registrar of Voters Joseph P. Gloria as defendants, and alleges that on November 3, 2020, Nevada Secretary of State Cegavske excluded his name from being listed on the ballot "in every county in the State of Nevada." (*Id*. at 1-4.) Sanders also alleges Secretary Cegavske acted with the encouragement and support of President Trump, but does not explain how Vice President Pence or Joe P. Gloria, Clarke County Registrar of Voters, were involved. (*Id*. at 4.) Further, Sanders alleges this act took place at the Nevada State Capitol Building. (*Id*.)

## II. DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

Here, the acts or occurrences forming the basis of Sanders' Complaint occurred at the Nevada State Capitol which is located in the District of Nevada. *See* 28 U.S.C. § 108. Moreover, the complaint indicates that defendants Cegavske and Gloria are public officials

in the District of Nevada.  Finally, it is clear from the complaint that Sanders does not allege a violation of his rights within the Middle District of Alabama.  Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in the Middle District of Alabama.  Accordingly, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the District of Nevada for review and disposition.[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the District of Nevada in accordance with the provisions of 28 U.S.C. § 1404(a).

On or before **December 4, 2020**, the parties may file objections to this Recommendation.  The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive[ ] the right to challenge on appeal the District Court's order

---

[2] In transferring this case, the undersigned makes no determination with respect to the propriety of the persons named as defendants or the merits of the claims presented in the complaint.

based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 19th day of November, 2020.

                  /s/ Jerusha T. Adams
                  JERUSHA T. ADAMS
                  UNITED STATES MAGISTRATE JUDGE